UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

RAKESHKUMAR PATEL,                          )
                                            )
            Plaintiff,                      )            2:25-CV-00099-DCLC-CRW
                                            )
      v.                                    )
                                            )
JOSEPH B. EDLOW, Director, U.S.             )
Citizenship and Immigration Services,       )
                                            )
            Defendant.                      )

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Plaintiff asks the Court to compel U.S. Citizenship and Immigration

Services (USCIS) to adjudicate his pending U-Visa petition. Defendant moved to dismiss the case

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. 16] after USCIS issued its

Denial of Plaintiff's petition. Plaintiff failed to respond to the motion by his February 2, 2026

deadline. Because Plaintiff's claim is moot, Defendants' Motion to Dismiss is **GRANTED**.

**I.      BACKGROUND**

Congress created the U-status nonimmigrant visa classification to strengthen the ability of

law enforcement agencies to investigate and prosecute crime while also protecting victims of

crimes who are willing to help law enforcement authorities in the investigation or prosecution of

criminal activity. Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386,

§ 1513(a)(2)(A), 114 Stat. 1464. Noncitizens are eligible for a U-Visa if they meet certain criteria,

including but not limited to, if they were a victim of qualifying criminal activity that occurred in

or violated laws of the United States, or possessed information about the criminal activity. 8 U.S.C.

§§ 1103(a)(1), 1101(a)(15)(U). USCIS, a department within the Department of Homeland

Security, manages the U-Visa application process. *See* 6 U.S.C. § 112(b)(1); 8 C.F.R. § 214.14.

Noncitizens can petition for U-nonimmigrant status by filing an I-918 form along with a supplement containing the signature of an authorized official of a certifying law enforcement agency confirming that individual was a victim of a qualifying crime. 8 C.F.R. §§ 214.14(c)(1).

Plaintiff is a citizen of India who currently resides in Newport, Tennessee. On September 23, 2024, he filed an I-918 Petition for U-nonimmigrant status,[1] stating that he was the victim of armed robbery in Glenmora, Louisiana. His petition contained a supplement signed by Chief of Police Tebo Onishea from the Glenmora Police Department attesting to the facts of the crime. He filed the instant case on June 30, 2025, claiming that USCIS had taken no action on his petition and requesting the Court order USCIS to issue a decision on his petition.

Two days later, on July 2, 2025, Tebo Onishea was indicted in the U.S. District Court for the Western District of Louisiana and charged with multiple counts of Visa Fraud for signing I-918 petitions while knowing the petitioners were never victims of the crimes alleged. On July 15, 2025, Onishea signed a sworn statement disavowing the I-918 supplements he signed, including Plaintiff's, because the criminal offenses did not take place.

On September 30, 2025, USCIS notified Plaintiff of its intent to deny Plaintiff's petition because, due to Onishea's disavowal, his petition no longer contained a valid supplement as required. Plaintiff did not respond to the notice of intent to deny, and on January 9, 2026, USCIS issued its final Decision denying the petition. Following this decision, USCIS moved to dismiss this case as moot.

## II.    LEGAL STANDARD

A court may dismiss a case pursuant to Rule 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim, which occurs if the claim is moot. Fed. R. Civ. P. 12(b)(1). A

---

[1]     Plaintiff also filed a Form I-765 seeking work authorization.

Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction can raise facial or factual attacks. *L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Accordingly, when considering a facial attack, the court treats the facts alleged in the complaint as true. *L.C.*, 83 F.4th at 542. A factual attack, by contrast, "challenges the factual existence of subject matter jurisdiction." *Cartwright*, 751 F.3d at 759. When ruling on a factual attack, the court "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings." *Id.* at 759. The Court interprets Defendant's motion as a factual challenge, as it asks the Court to consider evidence outside the pleadings, namely USCIS' intent to deny and final decision denying Plaintiff's U-nonimmigrant status petition.

## III. ANALYSIS

Article III, § 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies. Under this requirement, federal courts are prohibited from rendering decisions that do not affect the rights of the litigants. *Southwest Williamson Cty. Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001). When events after the filing of the complaint make it impossible for the court to grant any effectual relief, the court must dismiss the case as moot. *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024); *see Coalition for Government Procurement v. Federal Prison Industries, Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("The test for mootness is whether relief sought would, if granted, make a difference to the legal interests of the parties.").

Here, Plaintiff sought to compel USCIS to adjudicate his Form I-918 application. This has now been done. Plaintiff has received USCIS' notice of intent to deny, and its final denial of his application. As the requested relief has already been provided and any action the Court could take

3

would not make affect the rights of the litigants, the case is moot. Therefore, Defendant's Motion

to Dismiss [Doc. 16] is **GRANTED**. A separate judgment shall enter.

      **SO ORDERED:**

                s/ Clifton L. Corker
                United States District Judge